## No. 11,256.

### THE STATE OF LOUISIANA VS. ELIJAH POWELL.

1. Where the terms of court in a parish in which an accused has been indicted and tried are conformable to law he has no legal concern in those in the other parishes of the judicial district, which in no way affect his rights.

2. The action of a district judge in fixing the terms of his court under legal authority so to do can not be collaterally drawn in question after verdict on a motion in arrest of judgment. That action should have been made the subject of a direct attack at an earlier stage of the proceedings.

APPEAL from the Sixth District Court, Parish of Richland. Ellis, J.

M. J. Cunningham, Attorney General, for the State, Appellee.

Robert Whetstone for Defendant and Appellant.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendant urges before us that the verdict of the jury and the judgment of the court thereon rendered against him " are illegal, the illegality being patent upon the face of the record."

The reasons upon which he grounds this claim are embodied in a motion in arrest of judgment which the District Court overruled and are as follows:

" That he was tried out of term time; that when he was tried there was no legal term of the court; that under Act No. 22 of 1892, the district judge of each district shall by order, in open court or in chambers, fix the subsequent terms of the court, and shall cause the order to be entered on the minutes, and a copy thereof shall be sent to the clerk of the District Court in each parish, and shall be by him recorded in the minutes book of the court, and shall be posted on the door of the court house; that under Act 78 of 1892, to amend and re-enact Section 3 of Act No. 7 of 1880, entitled ' An act to fix the terms of the District Court under the Constitution of 1879, and to regulate the fixing by the district judges of subsequent terms,' the district judge of the Sixth District Court, composing the parishes of Franklin, Richland and West Carroll, has fixed his terms as follows, which the minutes of the court will show:

State vs. Powell.

" NOTICE.

" STATE OF LOUISIANA,  ⎫
" Parish of Franklin,   ⎬
" Sixth District Court.  ⎭

" It is ordered that the terms of this court be fixed to convene in each year as follows:

" FOR THE PARISH OF FRANKLIN.

" Criminal Terms—On the first Mondays of January and August.
" Civil Terms—·On first Mondays of April and October.

" FOR THE PARISH OF WEST CARROLL.

" Criminal Terms—On third Mondays of January and August.
" Civil Terms—Third Mondays of April and October.

" FOR THE PARISH OF RICHLAND.

" Criminal Terms—On second Mondays of February and September.
" Civil Terms—Second Mondays of May and November.
" Done and signed in chambers this 11th day of July, 1892.

" CAREY J. ELLIS,
" *Judge 6th District Court.*

" As shown above, the terms as fixed are contrary to law. It is clearly shown that the defendant was tried contrary to law, and that the judgment should therefore be arrested and set aside."

Whilst the motion declares it to be clearly shown that the defendant was tried contrary to law, it nowhere specifies (as t should) in what particular the illegality consists.

We have to look to counsel's brief for an explanation of defendant's position. His contention is that the law prescribes that in districts where there are three parishes the terms shall begin at least three weeks apart, and that in the Sixth District " the judge has fixed his terms in contravention of the express law, when he should give three weeks from the opening of his court from one parish to another, he only gives two weeks."

An examination of the terms as fixed shows that the first term of court for Richland parish was the *second Monday of February*, whilst the term of court immediately preceding it in another parish was that of West Carroll, on the *third Monday of January*.

There was therefore, in point of fact, an interval of three weeks between the beginning of those two terms.

The accused had and has no legal interest in the interval between the terms of court of the parishes of Franklin and West Carroll.

Apart from this the motion was not well taken. The district judge was clothed with authority to fix his terms, and did fix them. If the accused conceived that he was aggrieved by those terms he should have taken action at a earlier stage of the proceedings than after verdict, and his objections should have been leveled directly at the judge's order. He can not be permitted through a motion in arrest to collaterally attack that order after he has pleaded to the information, and gone to trial without objection.

Judgment affirmed.